UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ROBERT DAVIS,

                Plaintiff,

      -against-                        1:10-CV-0221 (LEK/RFT)

ANDREW M. CUOMO, ALBANY
RESCUE MISSION and ALBANY
HOUSING AUTHORITY,

                Defendants.

## MEMORANDUM-DECISION AND ORDER

On February 25, 2005, Plaintiff Robert Davis ("Plaintiff") filed the instant Complaint pursuant to 42 U.S.C. § 1983 ("§ 1983"), wherein he alleges that Defendants Andrew M. Cuomo, Attorney General for the State of New York ("Cuomo"), Albany Rescue Mission ("ARM"), and Albany Housing Authority ("Housing Authority") violated his First and Fourteenth Amendment rights by denying him housing and excluding him from ARM's homeless shelter because of his religion. Dkt. No. 1. On May 6, 2010, Defendant Housing Authority filed an Answer generally denying Plaintiff's allegations against it, announcing thirty-one affirmative defenses, and asserting a Cross-claim against Defendants Coumo and ARM. Dkt. No. 6. Presently before the Court are separate Motions to dismiss the Complaint and Cross-claim filed by Albany Rescue Mission (Dkt. No. 8), and Defendant Cuomo (Dkt. No. 11). For the reasons that follow, both Motions are granted.

I.     **BACKGROUND**

Plaintiff initiated this civil action pursuant to 42 U.S.C. § 1983, premised on this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201. Compl. ¶ 1. He provides the following facts in support of his action. On July 1, 2009, Plaintiff applied to the Housing Authority

for emergency housing as a disabled homeless person; he was told by Housing Authority personnel that because he practiced the Islamic faith, he would not receive assistance. Id. ¶ 4. Subsequently, on February 21, 2010, Plaintiff was "thrown out of the Albany Rescue Mission . . . by staff members . . . because [he] would not attend the facilities Church Services. When [he] explained that [he is] a Muslim, who practices the Islamic Faith, [he] was still thrown out." Id. Plaintiff's Complaint does not state any factual allegations with regard to Defendant Cuomo or the Office of the Attorney General of the State of New York.

Plaintiff's Complaint announces two causes of action against Defendants. First, he asserts that in applying for housing at the Housing Authority he was discriminated against because of his religion, causing him to remain homeless. Id. ¶ 5. His second cause of action asserts that the Defendant ARM expelled him from its shelter because he would not attend church services. Plaintiff thus alleges violations of his First and Fourteenth Amendment rights. He seeks compensatory and punitive damages. Id. ¶ 7.

In its Answer, Defendant Housing Authority denies any wrongdoing, but asserts that "if plaintiff recovers a judgment in this action against [it,] then liability will have been brought about, or caused by, in whole or part, by reason of the actions, carelessness, negligence, intentional torts and/or other culpable conduct of defendants, Andrew Cuomo and/or Albany Rescue Mission without any such actions, carelessness or negligence on the part of the Albany Housing Authority." Answer (Dkt. No. 6) ¶ 38. The Housing Authority thus asserts that it is entitled to full or partial indemnification and/or contribution by the other Defendants. Id. ¶ 39.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may assert as a defense a

2

court's lack of subject matter jurisdiction over the action. FED. R. CIV. P. 12(b)(1). In the face of such a jurisdictional challenge, a plaintiff "bears the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists." APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003) (internal quotation marks omitted). "Accordingly, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Arar v. Ashcroft, 532 F.3d 157, 168 (2d Cir. 2008) (citations, quotations, and alterations omitted). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court [ ] may refer to evidence outside the pleadings." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986)). Thus, a district court may refer to evidence such as sworn affidavits in assessing a 12(b)(1) motion. Id.

In reviewing a motion seeking dismissal pursuant to Rule 12(b)(6), the Court must "accept all [factual] allegations in the complaint as true and draw all inferences in the light most favorable to" the non-moving party. In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007). The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, __ U.S.__, 129 S. Ct. 1937, 1949 (2009). Allegations which merely announce "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" "are not entitled to the assumption of truth" and are insufficient to defeat a motion to dismiss. Id. at 1949-50. Accordingly, the Court must "begin by identifying pleadings that . . . are no more than conclusions" and exclude these from consideration. Id. at 1950. As to any remaining well-pleaded factual allegations, the Court will "assume their veracity and then determine whether they plausibly give rise to an entitlement to

3

relief." Id.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S.__, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Facial plausibility exists "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The determination of whether a complaint states a plausible claim is "context specific" and "requires the reviewing court to draw on its judicial experience and common sense." Id.

A court is to afford *pro se* litigants special solicitude and is duty-bound to read the such litigants' pleadings broadly. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006); Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990). *Pro se* pleadings "must be read liberally and should be interpreted to raise the strongest arguments that they suggest." Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)); Hemphill v. New York, 380 F.3d 680, 687 (2d Cir. 2004) (stating that "[i]t is well-established that when a plaintiff proceeds pro se . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations") (citations and quotations omitted). A *pro se* litigant's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). Nevertheless, a litigant's "pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." Id. (citation omitted).

4

**III.   DISCUSSION**

Plaintiff brings his action pursuant to 42 U.S.C. § 1983, which provides in part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983.

**A. Albany Rescue Mission**

On May 19, 2010, ARM filed its Motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. No. 8 ("ARM's Motion"). ARM asserts that this Court lacks subject matter jurisdiction over the instant action against it, as jurisdiction under that section requires that a defendant be acting under color of state law. See 42 U.S.C. § 1983. ARM asserts this jurisdictional deficiency applies with equal force to the Housing Authority's Cross-claim. ARM's Mot. at 6.

To state a claim under 42 U.S.C. § 1983, a plaintiff must show that the complained of conduct was committed by a person or entity acting under color of state law and deprived a person of rights, privileges, or immunities secured by the Constitution. Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). "[A] person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Polk County v. Dodson, 454 U.S. 312, 317-18 (1981) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). Private actors may be considered to act "under color of state law" for purposes of § 1983 only if they are jointly engaged with state actors. See, e.g., Adickes v. S.H. Kress & Co., 398 U.S. 144, 151 (1970). Conclusory allegations of coordinated activity or a conspiracy between private and state actors does not suffice to show create liability under either 42 U.S.C. § 1983 or § 1985. See Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591 (2d Cir. 1999); Webb

5

v. Goord, 340 F.3d 105, 110 (2d Cir. 2003).  Rather, a plaintiff must allege specific facts showing that the private actor and state actor "somehow reached an understanding to violate the plaintiff's civil rights."  Fisk v. Letterman, 401 F. Supp. 2d 362, 376 (2005) (internal quotations and citations omitted); Webb v. Goord, 340 F.3d at 110.

    Plaintiff alleges no facts suggesting that ARM is a state actor.[1]  Plaintiff has similarly failed to allege any facts suggesting that ARM was jointly engaged with a state actor.  Rather, Plaintiff's Complaint clearly identifies two separate occurrences of alleged unlawful conduct.  The first involves Plaintiff's application with the Albany Housing Authority for emergency housing.  The second involves an incident occurring over six months later when ARM staff allegedly expelled Plaintiff from the ARM shelter because of his religion.  ARM is implicated only in the second of the alleged violations.  Plaintiff makes no allegation that the two occurrences are related or that any coordination existed between ARM and the Housing Authority or any other state actor.  Hence, Plaintiff has failed to affirmatively show a basis for this Court's exercise of jurisdiction over ARM in this action.  Accordingly, ARM is dismissed as party.

    In its Answer to Plaintiff's Complaint, Defendant Housing Authority does not add any factual allegations that support the exercise of jurisdiction over ARM.  Therefore, the Housing Authority's Counter-claim against ARM also is dismissed.

    **B. Andrew Cuomo, Attorney General of the State of New York**

    On May 26, 2010, Defendant Cuomo filed a Motion to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Dkt. No. 11 ("Cuomo's

---

[1] ARM is a church that is privately operated and privately funded.  Jones Decl. (Dkt. No. 8-1) ¶¶ 7-8.

Motion"). Defendant Cuomo also seeks the dismissal of the Housing Authority's Cross-claim. Cuomo's Mot. at 5.

Reading Plaintiff's Complaint liberally and interpreting it to raise the strongest arguments it plausibly suggests, Graham, 89 F.3d at 79, Plaintiff's action against Defendant Cuomo could be construed as alleging violations by the Office of the Attorney General of the State of New York, Defendant Cuomo in his official capacity as head of that office, and/or Defendant Cuomo in his individual capacity. In all three cases, Plaintiff's Complaint fails and must be dismissed.

A suit against a state official in his or her official capacity or against a governmental entity that is considered an "arm of the state" for Eleventh Amendment purposes is the equivalent of a suit against the state itself. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ., 466 F.3d 232, 236 (2d Cir. 2006); McGinty v. New York, 251 F.3d 84, 95 (2d Cir. 2001). "The Eleventh Amendment bars such suits unless the State has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity . . . ." Will, 491 U.S. at 66. Additionally, apart from Eleventh Amendment considerations, "neither a State nor its officials acting in their official capacities are "persons" under § 1983[,]" id., at 71, and, therefore, are not subject to civil liability under § 1983. Id.; Jones v. New York State Division of Military and Naval Affairs, 166 F.3d 45, 49 (2d Cir. 1999).

There is no question that the Office of the Attorney General or the head of that Office qualify as "arms of the state." There is also no allegation of the State's having waived its immunity from suit in this action. As a result, Plaintiff's claims against the Office of the Attorney General and

Andrew Cuomo in his official capacity as head of that office are barred by the Eleventh Amendment and by the jurisdictional limitations of § 1983. See Burke v. Metropolitan Trasp. Authority, No. 09 Civ. 3291, 2009 WL 4279538, at *3 (S.D.N.Y. Dec. 1, 2009).[2] Accordingly, his Complaint is dismissed.

Plaintiff may assert his claims against Defendant Cuomo in his individual capacity. Hafer v. Melo, 502 U.S. 21, 31 (1991) (state officials, sued in their individual capacities, are "persons" within the meaning of § 1983 and are not immune from suit under the Eleventh Amendment). Nevertheless, Plaintiff's Complaint against Defendant Cuomo in his individual capacity is insufficient and must be dismissed. Personal involvement is a requisite for liability under 42 U.S.C. § 1983. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). Plaintiff does not offer a single factual allegation related to Defendant Cuomo's involvement in the alleged violations. He has therefore failed to state a claim for which relief may be granted. Accordingly, Defendant Cuomo is dismissed as a party to this action.

Defendant Housing Authority's Cross-claim against Defendant Cuomo is dismissed for the same reasons as Plaintiff's Complaint. Defendant Cuomo is either immune from suit, or, if sued in his individual capacity, dismissed for lack of personal involvement.

---

[2] The Eleventh Amendment does not bar claims for injunctive relief against prospective constitutional violations by state actors. Ex parte Young, 209 U.S. 123, 159-60 (1908); Verizon Md. v. Pub. Serv. Comm'n of Maryland, 535 U.S. 635 (2002); Ford v. Reynolds, 316 F.3d 351, 354-55 (2d Cir. 2003). Plaintiff, however, seeks only punitive and compensatory damages. Compl. ¶ 7. Moreover, even if he sought injunctive relief, the Eleventh Amendment would bar his action against the Office of the Attorney General. See Pennhurst, 465 U.S. at 100-02 (Eleventh Amendment bar to suits against the State "applies regardless of the nature of the relief sought.") (citing Missouri v. Fiske, 290 U.S. 18, 27 (1933)).

### IV. CONCLUSION

Accordingly, it is hereby

**ORDERED**, Defendant Albany Rescue Mission's Motion to dismiss (Dkt. No. 8) is **GRANTED**; and it is further

**ORDERED**, Defendant Andrew Cuomo's Motion to dismiss (Dkt. No. 11) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED its entirety** as to Defendants Albany Rescue Mission and Andrew Cuomo; and it is further

**ORDERED,** that Defendant Albany Housing Authority's Cross-claim (Dkt. No. 6) is **DISMISSED** in its entirety; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:    October 7, 2010
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge