UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ROBERT DAVIS,

                    Plaintiff,

          -against-                                          No. 1:10-cv-0221 (LEK/RFT)

ALBANY HOUSING AUTHORITY,

                    Defendant.

_____

## DECISION and ORDER

## I.      INTRODUCTION

          Plaintiff Robert Davis commenced the instant action against Defendant Albany Housing

Authority ("Defendant AHA"), claiming that he was discriminated against on account of his religion.

Dkt. No. 1 ("Complaint").  Presently before the Court is Defendant AHA's Motion for summary

judgment.  Dkt. No. 25 ("Motion").  Plaintiff does not oppose the Motion.

## II.     BACKGROUND[1]

          On June 9, 2009, Plaintiff applied for housing with Defendant AHA.  Def.'s Statement of

Material Facts (Dkt. No. 25-2) ("DSMF") ¶ 1.  At the time he applied for housing, Plaintiff was

unemployed and disabled.  Id. ¶ 2.  Plaintiff's application was processed and he was placed on a

waiting list, but was afforded priority because he was unemployed due to a disability.  Id. ¶ 3-4.  In

August 2009, Plaintiff received a letter from Defendant AHA stating that he was on the waiting list and

that, if he wished to remain on the list, he needed to complete and return an attached form.  Id. ¶ 8.

---

[1] Many of the following facts are taken from Defendant's Statement of Material Facts
submitted pursuant to N.D.N.Y. L.R. 7.1(a)(3).  Because Plaintiff has not filed a responsive
statement of material facts, those facts set forth in Defendant's Rule 7.1(a)(3) statement that are
supported by record are deemed to be true.  See N.D.N.Y. L.R. 7.1(a)(3).

Plaintiff completed and submitted the required form.  Id. ¶ 9.  As of the date Defendant AHA filed the present Motion, Plaintiff was one hundred and tenth on the waiting list and remains eligible for housing.  Id. ¶ 7.

By Summons and Complaint dated February 24, 2010, Plaintiff commenced the instant action against Defendant AHA, claiming discrimination on account of his religion.  Compl. at 3.  Although the application form for public housing does not ask for or otherwise identify an individual's religion, Plaintiff alleges that the desk attendant, "who would not reveal her name," but who "knew that [he] practices the Islamic faith," told him that he would not get public housing because of his religion.[2]  Id. at 2.

III.     **STANDARD OF REVIEW**

Rule 56 of the Federal Rules of Civil Procedure instructs a court to grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  Although "[f]actual disputes that are irrelevant or unnecessary" will not preclude summary judgment, "summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Taggart v. Time, Inc., 924 F.2d 43, 46 (2d Cir. 1991).  However, if the moving party has shown that there is no genuine dispute as to any material fact, the burden shifts to the non-moving party to demonstrate "the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 323

---

[2]  Plaintiff's Complaint also alleged that, on February 21, 2010, he was ejected from the Albany Rescue Mission by staff members because he would not attend church services.  Compl. at 2.  The Albany Rescue Mission was dismissed from this action on October 7, 2010, by Memorandum-Decision and Order of the Court.  Dkt. No. 17.

(1986).  This requires the non-moving party to do "more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Corp., 475 U.S. 574, 586 (1986).  At the same time, the Court must resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party.  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000); Nora Beverages, Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 742 (2d Cir. 1998). The Court's duty in reviewing a motion for summary judgment is "carefully limited" to finding genuine disputes of fact, "not to deciding them."  Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994).

**IV.     DISCUSSION**

Plaintiff seeks to recover damages against Defendant pursuant to 42 U.S.C. § 1983 for alleged violations of his civil rights.  "[To] hold a [municipality] liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Wray v. City of New York, 490 F.3d 189, 195 (2d Cir. 2007).

Plaintiff fails to demonstrate that he was denied a constitutional or federal statutory right. While Plaintiff applied for housing benefits and remains on the waiting list, the record reflects that Plaintiff was given priority treatment by Defendant AHA because of his disability.  Moreover, Plaintiff has adduced no evidence to establish that he was denied any benefits or treated less favorably than any other similarly situated applicants.  Nor has Plaintiff set forth any evidence indicating that, beyond his Complaint's allegations of the desk attendant's statements, any actions were taken against him on account of his religion.

Assuming *arguendo* that Plaintiff could establish a violation of his federal constitutional or statutory rights, he has failed to demonstrate that any of the factual allegations in his Complaint were the result of a municipal custom or policy.  There is no indication that the unidentified "desk attendant" who told Plaintiff that he would not get housing on account of his religion was a final policymaker. Nor has Plaintiff provided any evidence of a municipal policy or custom of discriminating against persons on account of their religion or widespread instances of religious discrimination evidencing deliberate indifference to ongoing constitutional violations.  See Canton v. Harris, 489 U.S. 378, 385 (1989); see also Collins v. City of Harker Heights, 503 U.S. 115, 120-121 (1992).  For all of the foregoing reasons, the Court finds that Defendant has met its burden and is entitled to summary judgment in its favor.

**V.       CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion for summary judgment (Dkt. No. 25) is **GRANTED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED**.


DATED:  March 15, 2012
        Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge